

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

WILLIAM S.,

            Plaintiff,

-v-

COMMISSIONER OF SOCIAL SECURITY,

           Defendant.

---

22-CV-00318-MJR
DECISION AND ORDER

    Pursuant to 28 U.S.C. §636(c), the parties consented to have a United States Magistrate Judge conduct all proceedings in this case. (Dkt. No. 11)

    Plaintiff William S.[1] ("Plaintiff") brings this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking judicial review of the final decision of the Commissioner of Social Security ("Commissioner" or "defendant") denying his application for Supplemental Security Income ("SSI") pursuant to the Social Security Act (the "Act"). Both parties have moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the following reasons, Plaintiff's motion (Dkt. No. 6) is granted, and defendant's motion (Dkt. No. 7) is denied.

---

[1] In accordance with the District's November 18, 2020, Standing Order, plaintiff is identified by first name and last initial.

## BACKGROUND[2]

Plaintiff filed for SSI on September 8, 2015, with an alleged onset date of May 8, 2015. (Administrative Transcript ["Tr."] 15, 167, 243-48). The application was denied on December 11, 2015. (Tr. 167). Plaintiff filed a written request for hearing on December 23, 2015. (Tr. 177-79). On April 26, 2018, Administrative Law Judge ("ALJ") Timothy M. McGuan held a hearing at which Plaintiff appeared and testified. (Tr.110-30). A vocational expert also appeared and testified. The ALJ issued an unfavorable decision on May 30, 2018. (Tr.15-27). The Appeals Council ("AC") denied review. (Tr.1-6). Plaintiff appealed to this Court.

On September 22, 2020, this Court, Hon. J. Gregory Wehrman, U.S. Magistrate Judge, remanded the case for further proceedings. (Tr.905-13). On October 15, 2020, the AC issued an order consistent with this Court's decision. (Tr.917). On November 5, 2021, ALJ Paul Georger held a second hearing, via telephone, at which Plaintiff appeared and testified, with counsel. (Tr.840-77). A vocational expert also appeared and testified. The ALJ issued another unfavorable decision on December 28, 2021. (Tr.815-39). Plaintiff again appealed to this Court.

## DISCUSSION

I.   *Scope of Judicial Review*

The Court's review of the Commissioner's decision is deferential. Under the Act, the Commissioner's factual determinations "shall be conclusive" so long as they are

---

[2] The Court presumes the parties' familiarity with Plaintiff's medical history, which is summarized in the moving papers.

"supported by substantial evidence," 42 U.S.C. §405(g), that is, supported by "such relevant evidence as a reasonable mind might accept as adequate to support [the] conclusion," *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks and citation omitted). "The substantial evidence test applies not only to findings on basic evidentiary facts, but also to inferences and conclusions drawn from the facts." *Smith v. Colvin*, 17 F. Supp. 3d 260, 264 (W.D.N.Y. 2014). "Where the Commissioner's decision rests on adequate findings supported by evidence having rational probative force," the Court may "not substitute [its] judgment for that of the Commissioner." *Veino v. Barnhart*, 312 F.3d 578, 586 (2d Cir. 2002). Thus, the Court's task is to ask "'whether the record, read as a whole, yields such evidence as would allow a reasonable mind to accept the conclusions reached' by the Commissioner." *Silvers v. Colvin*, 67 F. Supp. 3d 570, 574 (W.D.N.Y. 2014) (quoting *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982)).

Two related rules follow from the Act's standard of review. The first is that "[i]t is the function of the [Commissioner], not [the Court], to resolve evidentiary conflicts and to appraise the credibility of witnesses, including the claimant." *Carroll v. Sec'y of Health & Human Servs.*, 705 F.2d 638, 642 (2d Cir. 1983). The second rule is that "[g]enuine conflicts in the medical evidence are for the Commissioner to resolve." *Veino*, 312 F.3d at 588. While the applicable standard of review is deferential, this does not mean that the Commissioner's decision is presumptively correct. The Commissioner's decision is, as described above, subject to remand or reversal if the factual conclusions on which it is based are not supported by substantial evidence. Further, the Commissioner's factual conclusions must be applied to the correct legal standard. *Kohler v. Astrue*, 546 F.3d 260, 265 (2d Cir. 2008). Failure to apply the correct legal standard is reversible error. *Id.*

## II. *Standards for Determining "Disability" Under the Act*

A "disability" is an inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months." 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Commissioner may find the claimant disabled "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work." *Id.* §§423(d)(2)(A), 1382c(a)(3)(B). The Commissioner must make these determinations based on "objective medical facts, diagnoses or medical opinions based on these facts, subjective evidence of pain or disability, and . . . [the claimant's] educational background, age, and work experience." *Dumas v. Schweiker*, 712 F.2d 1545, 1550 (2d Cir. 1983) (first alteration in original) (quoting *Miles v. Harris*, 645 F.2d 122, 124 (2d Cir. 1981)).

To guide the assessment of whether a claimant is disabled, the Commissioner has promulgated a "five-step sequential evaluation process." 20 C.F.R. §§404.1520(a)(4), 416.920(a)(4). First, the Commissioner determines whether the claimant is "working" and whether that work "is substantial gainful activity." *Id.* §§404.1520(b), 416.920(b). If the claimant is engaged in substantial gainful activity, the claimant is "not disabled regardless of [his or her] medical condition or . . . age, education, and work experience." *Id.* §§404.1520(b), 416.920(b). Second, if the claimant is not engaged in substantial gainful

activity, the Commissioner asks whether the claimant has a "severe impairment." *Id.* §§404.1520(c), 416.920(c). To make this determination, the Commissioner asks whether the claimant has "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities." *Id.* §§404.1520(c), 416.920(c). As with the first step, if the claimant does not have a severe impairment, he or she is not disabled regardless of any other factors or considerations. *Id.* §§404.1520(c), 416.920(c). Third, if the claimant does have a severe impairment, the Commissioner asks two additional questions: first, whether that severe impairment meets the Act's duration requirement, and second, whether the severe impairment is either listed in Appendix 1 of the Commissioner's regulations or is "equal to" an impairment listed in Appendix 1. *Id.* §§404.1520(d), 416.920(d). If the claimant satisfies both requirements of step three, the Commissioner will find that he or she is disabled without regard to his or her age, education, and work experience. *Id.* §§404.1520(d), 416.920(d).

If the claimant does not have the severe impairment required by step three, the Commissioner's analysis proceeds to steps four and five. Before doing so, the Commissioner must "assess and make a finding about [the claimant's] residual functional capacity ["RFC"] based on all the relevant medical and other evidence" in the record. *Id.* §§404.1520(e), 416.920(e). RFC "is the most [the claimant] can still do despite [his or her] limitations." *Id.* §§404.1545(a)(1), 416.945(a)(1). The Commissioner's assessment of the claimant's RFC is then applied at steps four and five. At step four, the Commissioner "compare[s] [the] residual functional capacity assessment . . . with the physical and mental demands of [the claimant's] past relevant work." *Id.* §§404.1520(f), 416.920(f). If, based on that comparison, the claimant is able to perform his or her past

relevant work, the Commissioner will find that the claimant is not disabled within the meaning of the Act. *Id.* §§404.1520(f), 416.920(f). Finally, if the claimant cannot perform his or her past relevant work or does not have any past relevant work, then at the fifth step the Commissioner considers whether, based on the claimant's RFC, age, education, and work experience, the claimant "can make an adjustment to other work." *Id.* §§404.1520(g)(1), 416.920(g)(1). If the claimant can adjust to other work, he or she is not disabled. *Id.* §§404.1520(g)(1), 416.920(g)(1). If, however, the claimant cannot adjust to other work, he or she is disabled within the meaning of the Act. *Id.* §§404.1520(g)(1), 416.920(g)(1).

The burden through steps one through four described above rests on the claimant. If the claimant carries his burden through the first four steps, "the burden then shifts to the [Commissioner] to show there is other gainful work in the national economy which the claimant could perform." *Carroll*, 705 F.2d at 642.

### III. *The ALJ's Decision*

At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since September 8, 2015, the application date. (Tr. 820). At step two, the ALJ found that Plaintiff has the following severe impairments: schizophrenia; major depressive disorder; asthma; and obesity. (Tr. 821). At step three, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 822-24).

Prior to proceeding to step four, the ALJ assessed Plaintiff's RFC and concluded that he can perform

light work as defined in 20 CFR416.967(b) except the claimant can occasionally balance, stoop, kneel, crouch and crawl, can occasionally climb stairs and ramps, can never climb ropes, ladders or scaffolds, should have no exposure to humidity, wetness, dust, odors, fumes or pulmonary irritants, extreme heat or extreme cold, is able to perform simple, routine and repetitive tasks, is able to make simple work-related decisions, is able to occasionally interact with the public, coworkers and supervisors, and is able to tolerate few changes in a routine work setting (defined as occasional changes to the worksite and routine).

(Tr. 824-29).

At the fourth step, the ALJ found that Plaintiff has no past relevant work. (Tr. 829). At step five, the ALJ found there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. (Tr. 830). Therefore, the ALJ found that Plaintiff has not been under a disability since September 8, 2015, the application date. (Tr. 830).

IV.     *Plaintiff's Challenge*

Plaintiff argues that the case must be remanded because the ALJ did not comply with the instructions in the previous remand order from this Court. The Court agrees.

Magistrate Judge Wehrman previously remanded the case because the "ALJ's RFC analysis was inadequate and frustrate[d] meaningful review [as] the ALJ failed to explain the link between his RFC [determination] and the record evidence." (Tr. 911). He concluded that "the ALJ's decision failed to provide a sufficient analysis connecting the medical opinion evidence in the record to his mental RFC determination." (Tr. 912). In particular, Judge Wehrman found that "the ALJ substituted his lay judgment when considering the opinion of [consultative examiner Dr. Rebecca Billings, Ph.D.]."

On remand, the ALJ gave little weight to Dr. Billings' opinion that Plaintiff had "marked limitations in relating adequately with others and appropriately dealing with stress." (Tr.514, 828). In rejecting, Dr. Billings' opinion, the ALJ wrote that "Dr. Billings finding of marked limitation is not supported by the treatment notes, which show . . . ."

(ellipses in original). *Id.* The ALJ appears to have left a blank space where he intended to fill in what treatment notes were supposedly inconsistent with Dr. Billings' marked limitations, but that blank space was never filled in. Thus, on remand, the ALJ again failed to adequately explain why Dr. Billings' opinion should be rejected. He only offered the conclusory assertion that Dr. Billings' "limitations are not consistent with the psychiatric record, which supports moderate limitations in both areas." (Tr. 828). Opinion evidence analysis is not permitted to be given such short shrift. ALJs must provide more than "conclusory one sentence explanation[s]" while evaluating opinion evidence. *Morgan v. Colvin*, 592 F. App'x 49, 50 (2d Cir. 2015) (remanding where ALJ provided one sentence conclusory explanation to reject a treating physician opinion); *see also Pamela P. v. Saul*, 2020 WL 2561106, at *6 (N.D.N.Y. May 20, 2020) (remanding for the "conclusory nature of the ALJ's reasoning" in determining persuasiveness of opinions). If an opinion is in fact inconsistent with the record, the ALJ must "identify[ ] the alleged inconsistencies." *Tuper v. Berryhill*, 2018 WL 4178269, at *5 (W.D.N.Y. Aug. 31, 2018) (alteration in original) (quoting *Erb v. Colvin*, 2015 WL 5440699, at *14 (W.D.N.Y. Sept. 15, 2015)).

Here, the ALJ asserted that Dr. Billings' opinion was inconsistent with the record, but literally left his decision blank when it came to identifying such inconsistencies. This was in direct contravention of this Court's previous remand order.

Defendant argues that this was simply a typographical error and did not change the outcome. The Court disagrees. This was not simply a misspelling or a word left out. The ALJ failed to provide any substantive explanation for rejecting Dr. Billings' opinion regarding Plaintiff's marked mental limitations, which was the exact reason the case was remanded in the first place.

On remand, the defendant should also explicitly consider the consistency between Dr. Billings's opinion and the opinion of Dr. Sean Seibert, Ph.D., Plaintiff's treating psychologist. Both opined that Plaintiff had significant limitations with social interaction. The ALJ failed to consider the consistency between these opinions as a reason to grant both opinions additional weight. *See Cox v. Astrue*, 993 F. Supp. 2d 169, 184 (N.D.N.Y. 2012) (finding an RFC not supported by substantial evidence where "the ALJ did not adequately consider the impact of the two opinions taken together"); *Denver v. Berryhill*, 2020 WL 2832752, at *2 (S.D.N.Y. June 1, 2020) ("[T]he ALJ failed to give any weight to the fact that these opinions are consistent with other medical evidence in the record because *they are consistent with one another*. This failure to 'consider the required factors[ ] constitutes legal error.'") (second alteration in original) (emphasis in original) (internal citation omitted) (quoting *Rolon v. Comm'r of Soc. Sec.*, 994 F. Supp. 2d 496, 506 (S.D.N.Y. 2014)).

The ALJ's error was harmful, as the Court is unable to determine whether his decision was based on substantial evidence. *See Jordan v. Berryhill*, 2018 WL 5993366, at *3 (W.D.N.Y. Nov. 15, 2018) ("Without some explanation from ALJ Seeley as to the tether between her RFC and the [] medical opinions or statements from plaintiff, the RFC appears to be based upon her lay analysis of plaintiff's limitations, which is not permitted and requires remand."). It follows that the ALJ bridged the gap between the medical opinion evidence and Plaintiff's RFC assessment using his own lay judgment, without providing adequate justification for doing so. *See Goldthrite v. Astrue,* 535 F.Supp.2d 329, 339 (W.D.N.Y. 2008) (quoting *Balsamo v. Chater*, 142 F.3d 75, 81 (2d Cir. 1998) ("[T]he ALJ cannot arbitrarily substitute his own judgment for competent medical opinion,' nor

can [he] 'set his own expertise against that of a physician who submitted an opinion or testified before him.")). Therefore, the case must be remanded, so that the ALJ can adequately explain the weight given to the opinion evidence, and specifically to the opinions of Drs. Billings and Seibert.

## CONCLUSION

For the above reasons, Plaintiff's motion for judgment on the pleadings (Dkt. No. 6) is granted and defendant's motion for judgment on the pleadings (Dkt. No.7) is denied. The case is remanded for further administrative proceedings.

The Clerk of Court shall take all steps necessary to close this case.

**SO ORDERED.**

Dated:   August 1, 2024
         Buffalo, New York

                                                _____
                                                MICHAEL J. ROEMER
                                                United States Magistrate Judge